UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL POWELL,

         Plaintiff,

    v.

YOUNG COMMUNITY DEVELOPERS, et al.,

         Defendants.

Case No. 26-cv-01115-TSH

**SECOND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(E)**

## I.    INTRODUCTION

On February 11, 2026, the Court granted Plaintiff Daniel Powell's application to proceed in forma pauperis and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 4. Plaintiff has now filed a First Amended Complaint. ECF No. 7. For the reasons stated below, the Court finds the amended complaint is still deficient. No later than April 10, 2026, Plaintiff must file a second amended complaint curing the deficiencies identified in this screening order. The Court advises Plaintiff that failure to cure these deficiencies could lead to dismissal of this case.

## II.    BACKGROUND

Plaintiff filed his original complaint on February 5, 2026, bringing claims against Young Community Developers, City and County of San Francisco, Office of Economic and Workforce Development, and Former Mayor London Breed. However, on the last page of his complaint, he also listed several "Added Defendants." Compl. at 7, ECF No. 1. Plaintiff alleged violations of 42 U.S.C. § 1983 and other federal statutes, alleging Defendants committed "assault by threat of injury and force, as well as the coordinated effort to 'humble' Plaintiff define unacceptable

Trespass upon the person and Spirit of This Plaintiff….Coordinated Concealing is the same as actually doing the behavior." *Id.* at 4.

On February 11, 2026, the Court screened the complaint and directed Plaintiff to file an amended complaint. ECF No. 4. The Court noted Plaintiff named four defendants in the case caption, but on the last page he listed at least five other potential defendants, some only identified by a first name. The Court directed Plaintiff to clarify who the named defendants are in this case. Additionally, the Court noted Plaintiff stated his allegations in general terms, but he did not set forth a short and plain statement showing how each defendant is liable for each claim. The Court informed Plaintiff his amended complaint must allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek. Finally, the Court noted Plaintiff included claims under 18 U.S.C. §§ 113 and 249, which are criminal statutes, and Plaintiff therefore lacks standing to bring such claims.

Plaintiff filed his amended complaint on March 10, 2026, naming as defendants Young Community Developers (YCD); the City and County of San Francisco; the San Francisco Office of Economic and Workforce Development (OEWD); London Breed; Debra Mika; Darlene Lam; and a Jane Doe employee of YCD. First Am. Compl. at 1, 3, 5. According to the complaint, beginning in April 2024 Plaintiff was required, as a condition of receiving County Adult Assistance Program (CAAP) benefits, to attend regular meetings and activities at YCD. *Id.* at 3. Plaintiff alleges that YCD staff, purportedly under the direction of Debra Mika and at the direction of London Breed, engaged in efforts to antagonize him so that he would appear aggressive and thereby be disqualified from CAAP benefits. *Id.* Plaintiff further alleges YCD staff were aware of his spinal injuries but disregarded that condition. *Id.*

Plaintiff asserts that during a YCD workshop with other clients present on or about May 1, 2024, other clients were "weaponized" against him, leading to a client-initiated confrontation and racially based threats of violence by a Jane Doe YCD employee. *Id.* at 4. Plaintiff contends that he sought immediate intervention from OEWD's Darlene Lam on or about May 2, 2024, but was

2

told there was nothing she could do. *Id.* He alleges a broader conspiracy among municipal entities, including YCD and OEWD, orchestrated from the Mayor's Office, to sabotage his standing with the Human Services Agency and to inflame his demeanor during organized activities. *Id.*

Plaintiff also alleges misconduct in connection with service of process in a prior state court action, asserting the San Francisco Sheriff's Office avoided serving OEWD, that YCD initially declined service, and that YCD was warned to vacate to evade a second service attempt, which Plaintiff characterizes as organized oppression and malicious fraud at the behest of London Breed. *Id.*

### III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A.    Legal Standard**

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

United States District Court
Northern District of California

**B.     Application**

    **1.     Rule 8**

As with his original complaint, the Court finds Plaintiff's amended complaint does not comply with Federal Rule of Civil Procedure 8. Under that rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitlement to relief." *Twombly*, 550 U.S. at 555 (cleaned up). A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, because Plaintiff is self-represented, the Court must construe the pleadings liberally and afford Plaintiff the benefit of the doubt. *Watison*, 668 F.3d at 1112. However, Plaintiff's pro se status does not relieve Plaintiff of conformity to the pleading rules. *See, e.g.*, *Romano v. U.S. Army Core of Eng'rs*, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

The Ninth Circuit has held that "shotgun pleadings," where "a party indiscriminately incorporates assertions from one count to another," can serve as a basis for dismissal under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026); *see id.* at 1290 ("We have a prudential obligation to clarify to district courts that in an appropriate case, like this one, they can dismiss shotgun pleadings."). In other words, shotgun pleadings "that fail to provide the opposing parties and the district court with sufficient notice of the claims and their basis" fail under Rule 8. *Id.* at 1290. Importantly, "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1288 (quoting 35A C.J.S. *Fed. Civ. Proc.* § 310 (2025) and citing 61A Am. Jur. 2d *Pleading* § 159 (2025)). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")). "But the defendant is not the only interested party affected. '[Shotgun pleadings] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alteration in original)).

Here, Plaintiff lists multiple claims as follows:

> Claim 1. London Breed did quarterback the conspiracy from that office of the mayor. 28 U.S.C. § 1983, 28 U.S.C. § 1981, Civil Rights Act of 1964, 42 U.S.C. § 2000, RICO Act U.S.C. §§ 1961-1968, 18 U.S.C. § 63

> Claim 2. Debra Mika did quarterback the conspiracy from the office of Young Community Developers: 28 U.S.C. § 1983, 28 U.S.C. § 1981, Civil Rights Act of 1964, 42 U.S.C. § 2000

> Claim 3. Darlene Lam did quarterback the conspiracy from the Office of Economic and Workforce Development

> 28 U.S.C. § 1983, 28 U.S.C. § 1981, Civil Rights Act of 1964
> Claim 4. Jane Doe Employee of Young Community Developers acted as Racist, exist Calamity by threatening actions.

> 28 U.S.C. § 1983, 28 U.S.C. § 1981, Civil Rights Act of 1964, 28 U.S.C. § 249, U.S.C. § 2000a.

5

First Am. Compl. at 3.  Plaintiff then recites his factual allegations, but at no point does he tie these allegations to his multiple claims, leaving the reader to guess as to which facts are tied to which allegations and against which defendant(s).  "Rule 8(d)(2) permits a party to 'set out 2 or more statements of a claim . . . either in a single count . . . or in separate ones,' but that does not relieve the party of the obligation to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Gibson*, 165 F.4th at 1291–92 (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff continues to assert multiple claims against multiple defendants, but he must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).  As currently pled, a putative defendant would not know where to begin in responding.

The Court also finds it is not clear what claims are alleged.  Despite listing multiple federal statutes, Plaintiff does not state the specific factual allegations that connect each defendant with the alleged wrongdoing for each statute he lists.  An *attempt* to plead claims is not enough—the threshold question under Rule 8 is whether a plaintiff pleads sufficient facts to give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Id.* (simplified).  In *Gibson*, the Ninth Circuit explained that the plaintiff's complaint violated Rule 8 because, among other things, the complaint bundled five separate causes of action into a single claim, each of which was apparently supported by *all* facts alleged in the preceding paragraphs.  *Gibson*, 165 F.4th at 1291. So too here.  Plaintiff's complaint bundles any possible causes of action into one section, but the complaint does not explain which factual allegations are tied to which causes of action.  To comply with Rule 8, "[f]actual allegations, however detailed, must be tied to corresponding causes of action." *Id.* at 1293.  Thus, like *Gibson*, Plaintiff's complaint is inadequate because it fails to link alleged facts to causes of action.  *Id.* at 1291

Thus, to comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek.

6

United States District Court
Northern District of California

2.    **Criminal Statutes**

Plaintiff continues to plead claims under criminal statutes, which could be a typographical error, as Plaintiff lists 18 U.S.C. § 63, which doesn't exist. First Am. Compl. at 3. However, the Court again advises that it is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Rockefeller v. United States Court of Appeals Office, for the Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims under 18 U.S.C. § 113 because "[s]uch criminal offense provisions do not create a private cause of action"); *Smith-Jeter v. Artspace Everett Lofts Condominium Ass'n*, 2016 WL 898543, at *12 (W.D. Wash. Mar. 9, 2016) (18 U.S.C. § 249 "pertains to a criminal charge [and] does not provide a private cause of action."), *aff'd*, 689 Fed. Appx. 862 (9th Cir. 2017); *Redmond v. United States*, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (A "private individuals lack standing to assert claims for relief based on criminal statutes.") (collecting cases). Thus, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." *Candy-Anh-Thu:Tran v. Daniel*, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing *Harbor v. Kim*, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). As such, Plaintiff lacks standing to bring any claims that are criminal in nature. *See Aldabe*, 616 F.2d at 1092. If Plaintiff believes that the defendants engaged in criminal conduct, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

## IV.    CONCLUSION

For the reasons above, the Court finds Plaintiff's amended complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). However, given the pro se status of Plaintiff, and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall grant another opportunity to amend. Accordingly, the Court **ORDERS** Plaintiff to file a second

amended complaint by April 10, 2026.

**A.    Requirements for Amended Complaint**

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)); Civ. L.R. 10-1 (an amended pleading "may not incorporate any part of a prior pleading by reference."). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (26-cv-01115-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    Assistance for Self-Represented Litigants**

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.

United States District Court
Northern District of California

You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: March 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California